# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE ABRAHAM,<br><br>      Plaintiff<br><br>      v.<br><br>APEX ASSET MANAGEMENT, INC.,<br><br>      Defendant | )<br>)<br>)<br>)<br>)  **Case No.:**<br>)<br>)  **COMPLAINT AND DEMAND FOR**<br>)  **JURY TRIAL**<br>)<br>)  **(Unlawful Debt Collection Practices)** |

## COMPLAINT

BONNIE ABRAHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against APEX ASSET MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Honesdale, Pennsylvania, 18431, at the time of the alleged harassment.

6.    Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7.    Defendant is a debt collection company with its principal office located at 1891 Santa Barbara Drive, Lancaster, Pennsylvania 17601.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

15.    The alleged debt, a store credit card account, arose out of transactions which were primarily for personal, family, or household purposes.

16.    Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly owed by her could have only arisen from a financial obligation for primarily personal, family or household purposes.

17.    Beginning in December 2012, and continuing through February 2013, Defendant repeatedly and continuously contacted Plaintiff on her home telephone seeking and demanding payment of a consumer debt.

18.    During the relevant period, Defendant called Plaintiff, on average, one (1) to two (2) times a day.

19.    Most recently, Defendant called Plaintiff on February 4, 2013.

20.    Upon information and belief, Defendant called on a repetitive and continuous basis with the intent to harass, hoping the alleged debt would be paid.

21.    Additionally, during one of the parties' conversations, Plaintiff told Defendant to stop calling her, and was told in response that calls would continue until she paid the debt.

22.    Defendant did continue to call on a repetitive and continuous basis after receiving instructions to stop calling.

PLAINTIFF'S COMPLAINT

23.   Defendant's collector also threatened in one conversation that Defendant would "take action against [her,]" causing Plaintiff to believe that legal action would be taken.

24.   Upon information and belief, at the time Defendant threatened take action against Plaintiff, it did not intend to take any legal action and did not have authority to take legal action.

25.   Rather, it is averred that Defendant made threats to harass Plaintiff, hoping that she would make payment on the alleged debt.

26.   To date, Defendant has not taken any legal action, evidencing that it never intended to take the action it threatened.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a.   A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.   A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone

- 4 -

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff one (1) to two (2) times a day, even after she requested that it stop, with the intent to annoy, abuse or harass Plaintiff.

## COUNT II

28.  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

a. A debt collector violates §1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. Here, Defendant violated §§1692e and 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff, when it did not intend to take any action and legally did not have authority to take the action it threatened.

## COUNT III

- 5 -

29.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    a.  A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect any debt.

    b.  Here, Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including relentlessly contacting Plaintiff despite having been told to stop calling her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BONNIE ABRAHAM, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BONNIE ABRAHAM, demands a

PLAINTIFF'S COMPLAINT

jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/09/2013                KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT